J-S02027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARL ROSEBORO | : | |
| | : | |
| Appellant | : | No. 123 EDA 2020 |

Appeal from the PCRA Order Entered November 25, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001397-2013.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: Filed: May 20, 2021

Karl Roseboro appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On August 4, 2012, [Roseboro] shot Rhonda Williams (the "decedent") four times, in an alley behind the 4200 block of Wayne Avenue and Brunner Street. [Roseboro] was a crack dealer who stored his drugs in the alley near where the decedent's body was found. Additionally, video evidence depicted [Roseboro] and the decedent walking in the direction of the alley just before the murder. Approximately thirty seconds after [Roseboro] and the decedent are last seen on camera which is approximately fifty-five feet from the alley, four gunshots are heard.
>
> On September 16, 2014, [Roseboro] was found guilty by a jury, presided over by this [c]ourt, of first-degree murder,

[two firearm violations, and possession of an instrument of crime]. [Roseboro] was sentenced that same day to life without the possibility of parole for first-degree murder, [and was sentenced to concurrent sentences for the remaining convictions].

On September 2, 2014, [Roseboro] filed a notice of appeal to the Superior Court. The Superior Court affirmed the judgment of sentence on March 9, 2016. On April 4, 2016, [Roseboro] filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Allocatur* was denied on July 27, 2016.

PCRA Court Opinion, 3/13/20, at 1-2 (excess capitalization and footnotes omitted)

On March 9, 2017, Roseboro filed a *pro se* PCRA petition. The PCRA court originally appointed counsel, who later was replaced. On October 10, 2018, PCRA counsel filed an amended PCRA petition. Thereafter, the Commonwealth filed a motion to dismiss and PCRA counsel filed a response. Following an evidentiary hearing, the PCRA court denied Roseboro's petition on November 25, 2019. This timely appeal followed. Both Roseboro and the PCRA court have complied with Pa.R.A.P. 1925.

Roseboro now raises the following five issues on appeal:

1. Did the prosecutor present false evidence related to the timing of the shooting; was trial counsel ineffective for failing to object on this basis, for failing to request a pre-trial report from the Commonwealth's expert witnesses and for not moving *in limine* to preclude the evidence?

2. Was trial counsel ineffective for failing to object to the admission of hearsay evidence and for not requesting an instruction on what use the jury could make of the evidence?

3. Was trial counsel ineffective for failing to move for a mistrial as a result of sixteen sustained objections during the prosecutor's closing argument; for failing to object to three other objectionable comments; and was appellate counsel ineffective for the manner in which he litigated a portion of this issue on direct appeal?

4. Was trial counsel ineffective for failing to call Detective Dove at trial?

5. Did the [PCRA] court err in denying a hearing on several of the issues presented to it?

Roseboro's Brief at 1-2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In his fifth issue, Roseboro asserts that the PCRA court erred in failing to hold an evidentiary hearing regarding some of his claims.

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In his four other issues, Roseboro essentially challenges the effectiveness of trial and/or appellate counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Here, the PCRA court has authored a thorough and well-reasoned opinion pursuant to Rule 1925(a). The Honorable Rose Marie DeFino-Nastasi has addressed each of Roseboro's ineffectiveness claims with proper citation to legal authorities and citation to the certified record. In addition, she has

explained why an evidentiary hearing was not necessary for some of Roseboro's claims.

We discern no legal errors in Judge DeFino-Nastasi's analysis, and we find her factual findings and credibility determinations fully supported by our review of the record. As such, we adopt Judge DeFino-Nastasi's 1925(a) opinion as our own in affirming the order denying Roseboro post-conviction relief. **See** PCRA Court's Opinion, 3/13/20, at 8-11 (concluding that because the Commonwealth's expert did not testify falsely, a *motion in limine* would have failed; an expert report was not necessary because trial counsel was aware of the Commonwealth's theory and presented an alternative theory which the jury discredited); at 11-13 (rejecting as meritless Roseboro's claim that trial counsel should have objected and requested an instruction regarding the use of hearsay evidence; this evidence did not affect the outcome of the case given the overwhelming evidence of Roseboro's guilt); at 14-23 (concluding that Roseboro's prosecutorial misconduct claim was underdeveloped and, because the challenged comments by the prosecutor were fair responses to the closing of the defense, the court would not have granted a mistrial; appellate counsel was not ineffective); at 29-31 (rejecting as meritless Roseboro's claim that trial counsel was ineffective for failing to call former Detective Ronald Dove because he did not establish how this testimony would have benefitted his defense; trial counsel never mentioned Detective Dove by name in his opening statement); and at 31 (stating that a

hearing was held on those claims that involved a material issue of fact and that other claims were properly decided based on the record).[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21

---

[1] The parties are directed to attach Judge DeFino-Nastasi's March 13, 2020 opinion to this memorandum in any future appeal.